PARIENTE, J.,
concurring in result.
I concur in affirming the convictions and sentence of death but disagree with the majority’s analysis of two issues. First, I disagree with the majority’s approach to, and conclusion regarding, the relevancy of the threats allegedly made by Gosciminski, as testified to by Debra Thomas. Second, I also disagree with the majority that the evidence in this case supports a finding of the CCP aggravator, because in my view, the heightened premeditation supports a plan to rob — not to murder. I discuss each of these issues in turn.
First, I disagree with the majority’s conclusion that evidence of allegedly threatening comments made by Gosciminski to Debra Thomas was admissible in order to establish the context in which the charged criminal acts occurred. In my view, the reason that Debra Thomas stayed with Gosciminski, which was allegedly his threats to harm Debra Thomas and others, has no relevance to the murder in question.
Further, even if this testimony is considered marginally relevant, the majority does not analyze why this marginal relevance related to Gosciminski’s supposed obsession with Debra Thomas would not be substantially outweighed by the unduly prejudicial impact of the testimony that Gosciminski previously threatened to harm Debra Thomas and numerous other individuals. See § 90.403, Fla. Stat. (2009). Such testimony is the quintessential example of evidence that would lead a jury to believe that this defendant was a “bad guy” based on other “bad conduct,” and for that reason should especially be excluded in light of its minimal probative value.
The bottom line, however, is that although I believe that the threat testimony should have been excluded based on an evidentiary prejudice analysis under section 90.403, any error in not precluding this testimony was harmless beyond a reasonable doubt, based on the fact that the statement about the threats was mentioned only once during Debra Thomas’s testimony and was referred to only briefly during the State’s closing argument. See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986). In addition, it appears that the trial court did limit the scope of this testimony by precluding certain details, such as the mention of an alleged domestic violence incident in which Debra Thomas broke her arm.
Second, I would strike the CCP aggra-vator as unsupported by competent, substantial evidence. The trial court’s basis *718 for finding CCP appears to be that Gosci-minski wanted to obtain a ring for his girlfriend, noticed all of the victim’s expensive jewelry, and knew that the victim would be staying at the house by herself. However, to me, all of these facts suggest a planned robbery, rather than a planned murder.
The only evidence indicating that Gosci-minski’s plan was to commit murder and not just robbery was that he arrived at the front door at a time when the victim was at home, that there was no sign of forced entry, and that the attack commenced near the front entrance as soon as he entered the house. It is unclear whether Gosci-minski brought a weapon with him to the house, as the primary weapon appears to have been an ashtray stand statue that was located inside the house, and the trial court found that Gosciminski armed himself with a knife or knife-like object either before or after he arrived at the residence.
Although the majority concludes that there was no evidence to suggest that the murder was prompted by emotional frenzy, panic, or a fit of rage, this in itself does not establish CCP but only supports the “cold” element of the aggravator. See, e.g., Williams v. State, 37 So.3d 187, 195 (Fla.2010) (“In order to establish the CCP aggravator, the evidence must show: (1) ‘the killing was the product of cool and calm reflection and not an act prompted by emotional frenzy, panic, or a fit of rage (cold)’; (2) ‘the defendant had a careful plan or prearranged design to commit murder before the fatal incident (calculated)’; (3) ‘the defendant exhibited heightened premeditation (premeditated)’; (4) ‘the defendant had no pretense of moral or legal justification.’ ” (quoting Franklin v. State, 965 So.2d 79, 98 (Fla.2007))). However, the element of heightened premeditation to murder — noticeably absent here— is still required to establish CCP.
In sum, I would conclude that there is not competent, substantial evidence to support CCP in this case because the motive for committing this crime appears to have been the robbery, and the majority’s CCP analysis in my view all points to a planned robbery, rather than a planned murder. Even without CCP, however, this case includes two other aggravating circumstances that were assigned great weight— HAC and during the commission of a burglary (merged with pecuniary gain) — and relatively little mitigation. Accordingly, error in finding CCP in this case was harmless beyond a reasonable doubt. See DiGuilio, 491 So.2d at 1139.
For all these reasons, I concur in the result reached by the majority to affirm Gosciminski’s convictions and sentence of death, but do not join in the majority’s reasoning regarding the issues addressed above.